# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| LARRY WILLIAMS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-173-TLS-JEM |
| | ) | |
| FANUC AMERICA | ) | |
| CORPORATION, *et al.*, | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE PURSUANT TO
## 28 U.S.C. § 636(b)(3) and Local Rule 72-1

This matter is before the Court on Plaintiff's Supplemental Jurisdictional Disclosure Statement [DE 51], filed by Plaintiff on December 1, 2016.

Plaintiff's Amended Complaint failed to properly allege the citizenship of Defendant J.R. Technologies, LLC. Accordingly, on October 4, 2016, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of jurisdiction. In response, Plaintiff filed the instant Disclosure Statement, representing that an Indiana state pension fund has a remote ownership interest in J.R. Automation Technologies, LLC. Because Plaintiff is also an Indiana citizen, Plaintiff concedes that "complete diversity does not exist as required pursuant to 28 U.S.C. 1332(a)." Pl. Br. at 4 [DE 54].

Despite the lack of jurisdiction, neither party moved for dismissal. Defendant apparently prefers federal court to state court, and Plaintiff worries that moving for dismissal voluntarily may jeopardize his ability to pursue his claims in state court. That no party has moved for dismissal, however, is unimportant. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h).

Perhaps halfheartedly, Plaintiff argues that the Court may retain jurisdiction over this case since jurisdiction existed at the time Plaintiff filed his original complaint. Plaintiff did not add J.R.

Technologies, LLC, as a defendant until he filed his Amended Complaint on June 10, 2016. Because the Court's jurisdiction is fixed at the time a complaint is filed, Plaintiff argues, the Court retains jurisdiction. *See Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 570-71 (2004).

However, a court must assess its jurisdiction again when parties are added to a case in an amended complaint. *See Wellness Cmty. v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995). When an amended complaint frustrates diversity jurisdiction by adding a nondiverse defendant, the case may proceed without that defendant or may be dismissed, depending on the circumstances of the case. *See id.* Federal Rule of Civil Procedure 19(a) "implicitly recognizes that an amendment adding a person who may be required for just adjudication of the case might 'deprive the court of jurisdiction over the subject matter,' and 19(b) specifies how to choose between dismissing the action and allowing it to go forward in the absence of such a party." *Id.* at 49.

In this case, Plaintiff represents that J.R. Technologies is a necessary party to this case under Rule 19, meaning the Court would be unable to completely resolve this case without J.R. Technologies. Accordingly, Rule 19(b) instructs the Court to determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Considering the factors in Rule 19(b) – such as potential prejudice, alternative measures, availability of adequate remedies, and whether judgment without J.R. Technologies in this case would be adequate – the Court finds that equity and good conscience require dismissal.

Accordingly, in light of Plaintiff's failure to show cause concerning jurisdiction, the Court **RECOMMENDS** that the District Court **DISMISS** this case **without prejudice** for lack of jurisdiction.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The

failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

SO ORDERED this 23rd day of February, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: Chief Judge Theresa L. Springmann  
All counsel of record