**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| LARRY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:16-CV-173-TLS |
| | ) | |
| FANUC AMERICA CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On February 23, 2017, Magistrate Judge John Martin issued a Report and Recommendation [ECF No. 56] that this Court dismiss this case without prejudice for lack of jurisdiction.

On June 10, 2016, the Plaintiff filed an Amended Complaint [ECF No. 19]. On October 4, 2016, the Magistrate Judge ordered the Plaintiff to show cause as to why the Amended Complaint should not be dismissed for lack of jurisdiction. [ECF No. 45.] In response, the Plaintiff filed a Supplemental Jurisdictional Disclosure Statement [ECF No. 51] and conceded that complete diversity jurisdiction does not exist. However, the Plaintiff argued that the Defendant is a necessary party pursuant to Federal Rule of Civil Procedure 19. The Magistrate Judge recommended that pursuant to Rule 19(b), equity and good conscience require dismissal and thus, the Plaintiff failed to show cause concerning jurisdiction.

The Court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or

> recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). Furthermore, Rule 72(b) also directs that the Court must only make a de novo determination of those portions of the Magistrate Judge's Report and Recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id.* Under the clear error standard, the Court can only overturn the Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Here, the Magistrate Judge set forth the facts under the appropriate standard of review and provided an explanation for determinations made therein. No party has objected to those findings. Having reviewed the Report and Recommendation [ECF No. 56] and finding no clear error, the Court ADOPTS it in its entirety and incorporates the Magistrate Judge's recommendation into this Order. Accordingly, the Court now dismisses the Amended Complaint [ECF No. 19] without prejudice for lack of jurisdiction.

SO ORDERED on March 17, 2017.

                                            s/ Theresa L. Springmann
                                            CHIEF JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT